IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

SUPERIOR FIREARMS OF TEXAS , LLC,          |
D/B/A SUPERIOR OUTFITTERS,
          PLAINTIFF

VS.                                        |          CIVIL ACTION NO. 2:23-cv-10
                                                              JURY

GRANITE STATE INSURANCE COMPANY,
          DEFENDANT                        |

_____

## COMPLAINT
_____

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES, **SUPERIOR FIREARMS OF TEXAS, LLC D/B/A SUPERIOR OUTFITTERS**, Plaintiff

**("SUPERIOR")**, who files this Complaint against Defendant, **GRANITE STATE INSURANCE COMPANY**

**("GRANITE STATE")** and in support thereof would respectfully show the court and jury the

following:

**1.**

### JURY DEMAND

1.1     Plaintiff hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules

of Civil Procedure.

**2.**

## PARTIES AND SERVICE

2.1     Plaintiff, **SUPERIOR FIREARMS OF TEXAS, LLC,** is a domestic limited liability corporation duly formed for profit under the laws of the State of Texas which is doing business as **SUPERIOR OUTFITTERS ("SUPERIOR")**.

2.2     Defendant, **GRANITE STATE INSURANCE COMPANY ("GRANITE STATE")**, is a foreign insurance company formed in the State of Illinois, duly licensed to do business for profit in the State of Texas.  Defendant may be served with process by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**3.**

## JURISDICTION & VENUE

3.1     The jurisdiction of this Court attached under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds  Seventy-five Thousand and No/100 Dollars ($75,000.00) exclusive of interest and cost and the parties are citizens of different states.

3.2     This Court has venue pursuant to 28 U.S.C. § 1391(a) based on diversity of citizenship and the Eastern District of Texas is the Judicial District where a substantial part of the events and omissions giving rise to this claim occurred.

**4.**

## FACTS - INSURANCE COVERAGE

4.1     On or about the 14th day of February, 2021, Plaintiff was covered by a policy of insurance which was purchased from **GRANITE STATE INSURANCE COMPANY** being policy number

Page 2

02-LX-080839424-1. (See the Declaration Page attached here to as Exhibit 1). The policy of insurance covered the premises and businesses located at 3404 N. 4th Street, Longview, Texas 75605 and 4572 S. Broadway Ave, Tyler, Texas 75703 owned by Plaintiff with off premises power failure and loss of income coverage. The Tyler store which is located at 4572 S. Broadway Ave., Tyler, Smith County, Texas, was covered with a policy of business income insurance with a limit of insurance coverage in the amount of \$650,000.00 and the Longview store located at 3404 N. 4^TH Street, Longview, Gregg County, Texas, was covered with a policy of business income insurance with a limit of insurance coverage in the amount of \$600,000.00.

4.2     On or about February 14, 2021, in Longview, Gregg County, Texas and in Tyler, Smith County, Texas, **SUPERIOR**, lost business income for five (5) days due to loss of electric services during a severe winter storm. Shortly after the incident, Plaintiff notified Defendant of Plaintiff's claim under the loss of business income under the policy in question. Following that date, Defendant failed to comply with the terms of the policy and Texas law. In the handling of this claim, Defendant has also breached its duty of good faith and fair dealing which it owes to Plaintiff. Particularly, Defendant falsely and fraudulently represented to Plaintiff that the limit of its liability under the coverage is \$25,000.00. Defendant then attempted to resolve the claim by offering an additional \$25,000.00 rather than the full amount covered under the policy while making false and misleading statements about the coverage.

**5.**

**CAUSES OF ACTION**

5.1     **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**: In the handling of this

claim, Defendant has breached its duty of good faith and fair dealing which its owes to Plaintiff by intentionally and maliciously withholding from Plaintiff the amount now due and payable under the policy in question. Such failure to pay is without right under the terms of the policy, under Texas law, or under the facts of this claim and is withheld in bad faith. In the handling of Plaintiff's claim for funds due and payable under the coverage, Defendant has breached its duty of good faith and fair dealing by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim under the policy in question, when **GRANITE STATE'S** liability had become reasonably clear. Defendant further failed to pay the claim without conducting a reasonable investigation of the claim or the coverage which it provided to Plaintiff under the policy in question. At all times material hereto, **GRANITE STATE'S** liability under the coverage it provided to **SUPERIOR** was reasonably clear and **GRANITE STATE**, at the time of the breach of its duty of good faith and fair dealing, knew, or in the exercise of reasonable care should have known that its liability was reasonably clear.

5.2 **BREACH OF CONTRACT**: The policy of insurance contains the following language, to wit:

**"5. Off Premises Utility Failure**

**We shall pay for the actual loss of your business income and extra expense caused by or resulting from the necessary suspension of your operations during the period of restoration caused by or resulting from direct physical loss or damage by a covered cause of loss to property not on your premises but used to supply you with services by the following utilities:**

a. **Water Supply Services, meaning the following types of property supplying water to the premises described in the Declarations:**
        **i. Pumping stations; and**
        **ii. Water mains.**

b. **Communication Supply Services**, meaning property supplying communications services, including, but not limited to, telephone, radio, microwave, or television services to the premises described in the Declarations, such as:

  i. Communication transmission lines;
  ii. Coaxial cables; and
  iii. Microwave radio relays, except satellites.

  This shall not include above-ground communication lines.

c. **Power Supply Services**, meaning the following types of property supplying electricity, steam, or gas to the premises described in the Declarations:

  i. Utility generating plants;
  ii. Switching stations;
  iii. Substations;
  iv. Transformers; and
  v. Transmission lines.

This shall not include above-ground transmission or distribution lines.

The most we shall pay is the limit shown in the Declarations for loss you incur after the first twenty-four (24) hours following direct physical loss or damage by a covered cause of loss that disrupted the services provided by the utility companies described above. **(Pg. 3-4)**

**vi. Service Interruption**

(1) Any insurance provided for Business Income, Extra Expense or Spoilage is extended to apply to your loss, damage or expense caused by an accident to equipment that is owned by a utility, landlord or other supplier with whom you have a contract to supply you with any of the following services: electrical power, waste disposal, air conditioning, refrigeration, heating, natural gas, compressed air, water, steam, internet access, telecommunications services, wide area networks or data transmission. The equipment must meet the definition of covered equipment except that it is not Covered Property.

(2) Unless otherwise shown in the Declarations, Service Interruption coverage will not apply unless the failure or disruption of service exceeds 24 hours immediately following the accident.

**(3) The most we will pay for loss, damage or expense under this coverage is the limit that applies to Business Income, Extra Expense or Spoilage, except that if a limit is shown in the Declarations for Service Interruption, that limit will apply to Business Income and Extra Expense loss under this coverage.(Pg. 13)**

**B. Business Income means the:**

  **1.    Net Income (Net Profit or loss before income taxes) that would have been earned or incurred;**
  **2.    Continuing normal operating expenses incurred, including payroll; and**
  **3.    Rental value.(Pg. 13)**

**vii. Business Income and Extra Expense**

  **Any insurance provided under this coverage part for Business Income or Extra Expense is extended to Equipment Breakdown coverage.  The most we will pay for loss of Business Income you sustain or necessary Extra Expense you incur is the limit shown in the Declarations for that coverage...."**

At all times relevant hereto, Defendant breached its contract with Plaintiff by failing to pay to Plaintiff the benefits which were due Plaintiff under the terms of the policy in question. Plaintiff's claim fit squarely within he coverage provided by Defendant yet Defendant continues to fail and refuse to make payment under the policy in question and continues to fail and refuse to comply with the provisions of its policy agreement.  Particularly, Plaintiff has demonstrated to Defendant its right to receive benefits under the policy in question yet Defendant continues to persist in the position that its coverage is limited to $25,000.00 when the policy clearly states that coverage exists in the amount of $650,000.00 for the Tyler store and $600,000.00 for the Longview store.  Plaintiff has presented a claim to Defendant and has complied with all provisions of the policy in presenting such claim for benefits in the amount of $67,172.79 in loss of business income incurred by the Longview store and for $173,965.87 for loss of business income incurred by the

Tyler store. All of the language of the policy clearly provides that Plaintiff is entitled to such benefits under the policy, Defendant has failed and refused and continues to fail and refuse to make such payment. Defendant has breached the clear terms of the contact in failing to pay the full damages owed Plaintiff under the terms of the policy of insurance. Defendant has no right under the policy to withhold from Plaintiff the payments now due and payable under the policy in question which Defendant now wrongfully, maliciously and fraudulently withhold.

5.3   **PROMPT PAYMENT OF CLAIMS ACT**: In the handling of the above-referenced claim, Defendant has committed numerous violations of Chapter 542 of the Texas Insurance Code which is commonly known as the Prompt Payment of Claims Act. Particularly, Defendant failed to timely acknowledge receipt of the claim; commence investigation of the claim; and request from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from claimant. Defendant further failed to timely notify Plaintiff in writing of the acceptance or rejection of the claim. Defendant further failed to timely pay the claim. In doing so, Defendant has violated the provisions of Chapter 542 of the Texas Insurance Code and particularly Sections 542.055, 542.056, 542.057, and 542.058 of the Texas Insurance Code. Therefore, pursuant to Section 542.060 of the Texas Insurance Code, Defendant is liable for interest on the amount of the claim at the rate of eighteen (18%) percent a year as damages from the date of each violation, together with reasonable attorney's fees necessary for the enforcement of this claim. Plaintiff further brings this suit to recover such interest and attorney's fees in addition to the damages to which Plaintiff is rightfully entitled under the policy of insurance described herein. Plaintiff seeks remedies pursuant to Chapter 542 of the Texas Insurance Code in addition to any other remedy or procedure provided by law or at common law.

5.4 **UNFAIR SETTLEMENT PRACTICES AND DECEPTIVE TRADE PRACTICES**: In its conduct in the handling of this claim, Defendant has committed numerous unfair claims settlement practices which are prohibited by Chapter 541 of the Texas Insurance Code and particularly Section 541.060 of the Texas Insurance Code. Defendant also violated the provisions of the Texas Deceptive Trade Practices Act, Section 17.46, et. seq. of the Texas Business and Commerce Code (hereinafter referred to as the DTPA) and particularly Section 17.50 of the Texas Business and Commerce Code. In the handling of this claim, **GRANITE STATE INSURANCE COMPANY** engaged in the following unfair settlement practices, to-wit:

a. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim the subject of this proceeding when such claim with respect to the liability of Defendant had become reasonably clear;

b. In failing to promptly provide to a policy holder a reasonable explanation of the basis in the policy in relation to the facts were applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

e. In refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

g. In undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim;

h. In misrepresenting the terms, benefits or advantages of the policy of the policy of insurance;

i. In making untrue statements of material fact;

Page 8

j.    In failing to state a material fact necessary to make other statements not misleading, considering the circumstances under which the statements were made;

k.    In making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

l.    In making a material misstatement of law;

m.    In failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provisions of the insurance code; and

n.    In committing other violations of Chapter 541 of the Texas Insurance code.

Plaintiff gave more than sixty (60) days notice of Plaintiff's claims under the provisions of the Unfair Settlement Practices Act more than sixty one (61) days prior to filing this petition, pursuant to the provisions set forth in Section 541.154 of the Texas Insurance Code and of the Texas Deceptive Trade Practices Act. Therefore, Plaintiff is entitled to recover damages, attorney's fees, and other relief set forth in Section 541.152 of the Texas Insurance Code and pursuant to the DTPA.

**6.**

**DAMAGES**

6.1    As a direct and proximate result of Defendant's conduct, Plaintiff is are entitled to benefits under the policy in question. Plaintiff brings this suit to recover from Defendant all sums which are due and payable to Plaintiff under the contract of insurance which Defendant should have paid, were required to pay under the policy in question, and have refused to pay and continue to refuse to pay.

6.2 Plaintiff further brings this suit for additional damages to those damages caused by Defendant's breach of contract and the policy of insurance it sold to Plaintiff and caused by Defendant's failure and refusal to abide by the clear language of its policy. Plaintiff brings this suit to recover such additional damages caused by Defendant's wrongful conduct, including but not limited to damages for the loss of time that Plaintiff has incurred trying to obtain Defendant's performance of the terms of its representations and contract and other damages which were caused by Defendant's wrongful conduct, all of which were proximately caused by the breaches complained of in this Complaint. Plaintiff brings this suit to recover such damages within the jurisdictional limits of this court to recover for which this suit is brought.

6.3 The conduct of the Defendant as described in this Complaint was committed knowingly and intentionally. The Defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiff complains. Therefore, your Plaintiff is entitled to treble damages under the terms of Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

6.4 All of these damages were proximately caused by Defendant's breaches of its duty of good faith and fair dealing, and violations of Texas Insurance Code and Deceptive Trade Practices as set forth herein. Defendant's conduct was also a producing cause of the damages complained of herein.

6.5 Plaintiff further brings this suit for non-monitory claims pursuant to the provisions of Section 541.152 of the Texas Insurance Code for an order enjoining Defendant acting through its agents, servants and employees from committing the acts and/or failures complained of in Paragraph 5.4 above. Plaintiff further requests the court to enter any other relief the court

Page 10

determines proper to effectuate provisions of Section 541.060 of the Texas Insurance Code and to protect Plaintiff and the general public from the Unfair Settlement Practices defined therein.

7.

### ATTORNEY'S FEES

7.1     Plaintiff has retained the law firm of Phenix & Crump, to represent Plaintiff in this action have agreed to pay the firm a reasonable and necessary attorney's fee. An additional award of reasonable and necessary attorney's fees to Plaintiff should be awarded pursuant to the provisions of the Texas Insurance Code and pursuant to Chapter 38 of the Civil Practice and Remedies Code. Plaintiff seeks contingent awards of attorney's fees in the event of an appeal to the United States Court of Appeals for the Fifth Circuit and to the Supreme Court of the United States. Plaintiff presented this claim to Defendant more than 60 days before the filing of this action.

8.

### MALICE AND EXEMPLARY DAMAGES

8.1     The Defendant's breach of its duty of good faith and fair dealing was committed with malice, with a specific intent that it caused substantial injury to Plaintiff or with an act or omission by Defendant which when viewed objectively from the standpoint of **GRANITE STATE** at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others and which was committed with actual, subjective awareness of the risk involved, but nevertheless, Defendant proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff. Therefore, Plaintiff is entitled to exemplary damages within the jurisdiction limits of this Court, to recover for which this suit is brought.

9.
## CONDITIONS PRECEDENT

9.1    All conditions precedent to Plaintiff's right of recovery under the policy have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, requests that Defendant be cited to appear and answer herein, and that upon a final trial hereof Plaintiff has and recover of and from Defendant:

1.    Judgment against Defendant for a sum in excess of the minimum jurisdiction limits of this Court;

2.    Damages which Plaintiff is entitled to under the policy in question;

3.    Reasonable and necessary attorney's fees;

4.    Pre-Judgment and Post-Judgment interest at the maximum legal rate allowed by law;

5.    Damages for Defendant's breach of duty of good faith and fair dealings;

6.    Exemplary damages;

7.    Additional damages provided by the Texas Insurance Code and the Texas Deceptive Trade Practices act;

8.    Eighteen percent interest penalties provided by the Texas Insurance Code;

9.    Cost of suit; and

10.    Such other and further relief to which Plaintiff may be justly entitled and for which it will ever pray.

Respectfully submitted,

PHENIX & CRUMP, PLLC
118 SOUTH MAIN STREET
P. O. DRAWER 1005
HENDERSON, TEXAS 75653-1005
(903) 657-3595
FAX NO. (903) 657-3598
J. R. "RUSTY" PHENIX
STATE BAR #15908300
CARY CRUMP
STATE BAR # 90001754


BY:   /s/J. R. "Rusty" Phenix
          J. R. "RUSTY" PHENIX
          *Attorneys for Plaintiff*

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A JURY TRIAL**

# GRANITE STATE INSURANCE COMPANY

175 Water Street 18th Floor
New York, NY 10038

# COMMON POLICY DECLARATIONS

**POLICY NUMBER:** 02 LX 080839424 1          **PREVIOUS POLICY NUMBER:** 02 LX 080839424 0

| COMPANY NAME | PRODUCER NAME | 00030625 |
|---|---|---|
| Granite State Insurance Company<br>175 Water Street 18th Floor<br>New York, NY 10038 | Joseph Chiarello & Co Inc<br>25 Deforest Avenue<br>Suite 208<br>Summit, NJ 07901 | |

**NAMED INSURED:** Superior Pawn & Gun, LLC dba Superior Outfitters
As Per Named Insured Extension Schedule
DBA: Superior Outfitters

**MAILING ADDRESS:** PO Box 130362
Tyler, TX 75713

**POLICY PERIOD:  FROM**   03/18/2020   **TO**   03/18/2021
**AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.**

| BUSINESS DESCRIPTION | Retail Gun Shop |
|---|---|

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

| THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT. | |
|---|---|
| | **PREMIUM** |
| COMMERCIAL GENERAL LIABILITY COVERAGE PART | $30,837.00 |
| COMMERCIAL PROPERTY COVERAGE PART | $15,084.00 |
| TERRORISM - CERTIFIED ACTS (GENERAL LIABILITY) | $309.00 |
| TERRORISM - CERTIFIED ACTS (PROPERTY) | $151.00 |
| **TOTAL:** | $46,381.00 |

IL DS 00 09 08          © ISO Properties, Inc., 2007          **Page 1 of 3**

EXHIBIT
tabbies®
1

**POLICY NUMBER:** 02 LX 080839424 1

| FORMS APPLICABLE TO ALL COVERAGE PARTS (SHOW NUMBERS): |
|---|
| See Schedule of Forms and Endorsements. |

| Countersigned | By: |
|---|---|
| (Date) | (Authorized Representative) |

## NAMED INSURED EXTENSION SCHEDULE

| POLICY NUMBER: | EFFECTIVE DATE: |
|---|---|
| 02 LX 080839424 1 | 03/18/2020 |

Superior Pawn & Gun, LLC dba Superior Outfitters
Superior Pawn & Gun, LLC dba Superior Firearms

DBA: Superior Outfitters

IL DS 00 09 08

**Page  3  of  3**  □

COMMERCIAL PROPERTY
CP DS 00 10 00

# COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS PAGE

**POLICY NO.** 02 LX 080839424 1          **EFFECTIVE DATE** 03/18/2020

☐ **"X" If Supplemental**
**Declarations Is Attached**

## NAMED INSURED

Superior Pawn & Gun, LLC dba Superior Outfitters
As Per Named Insured Extension Schedule
DBA: Superior Outfitters

## DESCRIPTION OF PREMISES

| Prem. No. | Bldg. No. | Location, Construction And Occupancy |
|-----------|-----------|--------------------------------------|

See Description of Premises Schedule

## COVERAGES PROVIDED

Insurance At The Described Premises Applies Only For Coverages For Which A Limit Of Insurance Is Shown

| Prem. No. | Bldg. No. | Coverage | Limit Of Insurance | Covered Causes Of Loss | Coinsurance* |
|-----------|-----------|----------|--------------------|------------------------|--------------|

See Coverages Provided Schedule

*If Extra Expense Coverage, Limits On Loss Payment

## OPTIONAL COVERAGES

Applicable Only When Entries Are Made In The Schedule Below

| Prem. No. | Bldg. No. | Agreed Value | | | Replacement Cost (X) | | |
|-----------|-----------|--------------|------|--------|----------------------|-------------|-----------------------|
| | | Expiration Date | Cov. | Amount | Building | Pers. Prop. | Including Stock |

See Optional Coverages Schedule

| | Inflation Guard (%) | | *Monthly Limit Of Indemnity | Maximum Period Of Indemnity | *Extended Period Of Indemnity |
|--------|---------------------|-----------|------------------------------|------------------------------|-------------------------------|
| Bldg. | Pers. Prop. | | | | |

*Applies to Business Income Only

## MORTGAGEHOLDERS

| Prem. No. | Bldg. No. | Mortgageholder Name And Mailing Address |
|-----------|-----------|------------------------------------------|

## DEDUCTIBLE

See Property Deductible Forms
**Exceptions:**

CP DS 00 10 00          Copyright, Insurance Services Office, Inc., 1999          **Page 1 of 5**          ☐

**DESCRIPTION OF PREMISES**

| Prem. No. | Bldg. No. | Location, Construction And Occupancy |
|---|---|---|
| 001 | 001 | Retail Gun Shop<br>4572 South Broadway Avenue<br>Smith<br>Tyler, TX 75703<br>Non-Combustible |
| 002 | 001 | Retail Gun Shop<br>3404 4th Street<br>Gregg<br>Longview, TX 75605<br>Non-Combustible |

**COVERAGES PROVIDED**   **Insurance At The Described Premises Applies Only For Coverages For Which A Limit Of Insurance Is Shown**

| Prem. No. | Bldg. No. | Coverage | Limit Of Insurance | Covered Causes Of Loss | Coinsurance* |
|---|---|---|---|---|---|
| | | **Location Level Coverages** | | | |
| 001 | 001 | Business Personal Property | $2,000,000 | Special Form Including Theft | 90% |
| | | Personal Property of Others | $50,000 | Special Form Including Theft | 90% |
| | | Business Income Other Than Rental Value | $650,000 | Special Form Including Theft | |
| 002 | 001 | Business Personal Property | $1,200,000 | Special Form Including Theft | 90% |
| | | Personal Property of Others | $50,000 | Special Form Including Theft | 90% |
| | | Business Income Including Rental Value | $600,000 | Special Form Including Theft | |

**OPTIONAL COVERAGES      Applicable Only When Entries Are Made In The Schedule Below**

| Prem.<br>No. | Bldg.<br>No. | |
|---|---|---|
| 001 | 001 | Business Personal Property<br>    Replacement Cost<br>    Including Stock |
| | | Personal Property of Others<br>    Replacement Cost |
| | | Business Income Other Than Rental Value<br>    *Monthly Limit of Indemnity: 1/3 |
| 002 | 001 | Business Personal Property<br>    Replacement Cost<br>    Including Stock |
| | | Personal Property of Others<br>    Replacement Cost |
| | | Business Income Including Rental Value<br>    *Monthly Limit of Indemnity: 1/3 |

**FORMS APPLICABLE**

**To All Coverages:**

      111881 (02-13)
      63940 (12-04)
      63949 (12-11)
      63958 (06-04)
      64543 (12-04)
      97080 (02-12)
      CP 12 18 (10-12)

**To Specific Premises/Coverages:**

| Prem. No. | Bldg. No. | Coverages | Form Number |
|---|---|---|---|
| 001 | 001 | Business Income Other Than Rental Value All Coverages | 64872 (12-04)<br>89966 (09-05)<br>90610 (09-17)<br>CP 03 20 (04-18)<br>CP DS 00 (10-00) |
| 002 | 001 | Business Income Including Rental Value All Coverages | 64872 (12-04)<br>89966 (09-05)<br>90610 (09-17)<br>CP 03 20 (04-18)<br>CP DS 00 (10-00) |